UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case Number 15-20674

v.                                                         Honorable David M. Lawson

KEVIN PICKETT,

        Defendant.
_____/

## ORDER DENYING MOTIONS FOR COMPASSIONATE RELEASE

Defendant Kevin Pickett has filed two *pro se* motions, supplemented by counsel, asking the Court to reduce his sentence to time served under the authority of the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by section 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. Pickett has served most of his 60-month prison sentence for drug distribution. The Bureau of Prisons (BOP) inmate locator presently shows that, since his motions were filed and fully briefed, the defendant has been transferred to the custody of the Detroit Residential Reentry Management Center. Pickett argues that a sentence reduction is justified by his medical conditions (HIV, hypertension, and high cholesterol) coupled with the threat of infection with the novel coronavirus in the congregant confinement of a prison setting. However, the parties have not furnished current information to the Court about the defendant's residential circumstances or how that transfer might affect his health concerns. The Court, therefore, is not able to conclude that "extraordinary and compelling reasons warrant such a reduction," as section 3582(c)(1)(A)(i) requires. Pickett's motion to reduce his sentence will be denied. If he wants to renew his motion based on his current housing situation, he will have to make a fresh request for release to the warden at his present facility.

I.

Pickett pleaded guilty to one charge of possessing heroin with intent to distribute it. On October 5, 2016, the Honorable Avern Cohn sentenced him to 60 months in prison. When the government filed its response to the present motion, it represented that Pickett was confined at FCI Loretto, in Loretto, Pennsylvania. However, the presently available public records of the BOP indicate that he currently is in the custodial charge of the Detroit Residential Reentry Management Center, evidently either in the process of being placed in a halfway house, transferred to home confinement, or awaiting such a placement. It is unclear from the available information under which category of prospective custody the defendant will be classified.

Pickett is 64 years old, and he has served about 90% of his custodial sentence. BOP records indicate that he is scheduled to be "released" on September 19, 2021; although, in light of his present placement, it is not clear what "release" would mean.

The BOP regularly reports statistics on the numbers of inmates and staff who have contracted and recovered from the coronavirus in federal prisons, and it also recently began reporting data on the number of COVID-19 vaccinations administered to staff and inmates. However, the data published by the BOP do not include such figures for inmates presently housed in home confinement situations or residential reentry centers. The parties' briefing, including the defendant's reply, addressed only the prevailing conditions at FCI Loretto, and no information has been supplied about the defendant's present or prospective placement, or whether he already has been placed in home confinement, as he has requested.

II.

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. §

3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Ibid.* "The request may come through a motion in federal court filed by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). Or it may come through a motion filed by the inmate after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier.'" *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Upon a proper motion via either avenue, the Court may, "[a]fter 'considering the factors set forth in section 3553(a) . . . reduce the prisoner's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction' or if the '[prisoner] is at least 70 years of age,' has 'served at least 30 years,' and meets certain other conditions." *Ibid.* (quoting 18 U.S.C. § 3582(c)(1)(A)(i), (ii)). Pickett relies on subparagraph (i) of the statute. Under that provision, the Court can order a reduction of a sentence, even to time served, by following a procedure that the court of appeals has distilled into three steps. *First*, consider whether "extraordinary and compelling reasons warrant such a reduction." *Second*, determine if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Third*, "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." *United States v. Ruffin*, 978 F.3d 1000, 1004-06 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The Sentencing Commission's policy statement to be considered under step two is found in U.S.S.G. § 1B1.13, which simply recites the statute. The commentary adds gloss, which does not have the force of law. *United States v. Havis*, 927 F.3d 382, 386 (6th Cir.), *reconsideration denied,* 929 F.3d 317 (6th Cir. 2019) (*en banc*) (holding that the "commentary has no independent legal force — it serves only to *interpret* the Guidelines' text, not to replace or modify it"). That

has led the court of appeals in its evolving guidance on the subject to hold that district courts should dispense with step two when the motion for compassionate release comes from a prisoner and not the BOP. *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) ("We now join the majority of district courts and the Second Circuit in holding that the passage of the First Step Act rendered § 1B1.13 'inapplicable' to cases where an imprisoned person files a motion for compassionate release.") (citing *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)).

More recently, the court of appeals took the explanation a step further. In *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021), the court ascribed Congress's amendment of section 3582(c)(1) to the BOP's "rare[]" exercise of its power to move for sentence reductions, that "the program was plagued by mismanagement," and that "the BOP 'ha[d] no timeliness standards for reviewing . . . requests.'" 984 F.3d at 518 (quoting *United States v. Brooker*, 976 F.3d 228, 231-32 (2d Cir. 2020)). It reaffirmed *Jones*'s holding "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Id.* at 519-20. It then held that "in the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Ibid.* However, the defendant still must satisfy the other requirements, and his "failure to meet any one of those criteria" will result in the denial of his motion. *United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021).

A.

The defendant exhausted his administrative remedies with the warden at FCI Loretto, but it is not clear that he has done so with the warden at his current placement, and the parties have not addressed that issue.

B.

It is difficult to address the first element — extraordinary and compelling reasons — because of the unusual posture of the case. The presently available information suggests that the defendant either already has obtained, or soon may secure, the relief that he seeks, via the BOP's decision to transfer him to either home confinement or a halfway house. It is unclear which situation the defendant is in, or may be placed in. Moreover, the parties briefing entirely focuses on the situation at FCI Loretto, and no information is presented about the prevailing circumstances bearing on the defendant's risk of infection in his current placement. If the defendant already has been or soon will be released to home confinement, then he has received the relief sought and his motions are moot. If he is or will be placed in a halfway house, then he has not presented any information to inform an evaluation of his medical risk in that custodial setting.

III.

Due to the present state of the record, the Court cannot conclude that the defendant has demonstrated that compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is justified. If the defendant wishes to pursue relief, then he will need to submit additional briefing addressing his present and prospective custodial situation and explaining whether, and how, those circumstances warrant further relief, and whether the prospective placement renders his prayer for relief moot. If he is in a different facility than FCI Loretto, he also will have to demonstrate exhaustion.

Accordingly, it is **ORDERED** that the defendant's motions for compassionate release (ECF No. 37, 41, 53) are **DENIED WITHOUT PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: May 17, 2021